IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LOUBNA SALAGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VIRGINIA INTERNATIONAL UNIVERSITY; ISA SARAC; SULEYMAN BAHCECI; PRASHISH SHRESTHA; and REBECCA YU, | ) ) ) ) ) ) | Case No. 1:16-cv-1321-GBL-TCB |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Virginia International University ("VIU") and Defendants Isa Sarac, Suleyman Bahceci, Prashish Shrestha, and Rebecca Yu ("the Individual Defendants," and collectively, "Defendants")'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. 6.) This case concerns *pro se* Plaintiff Loubna Salagh's claim that Defendants discriminated against her on the basis of sex and national origin, and retaliated against her in violation of both an unspecified whistleblower statute and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

There are three issues before the Court. The first issue is whether the Court should grant Defendants' Motion to Dismiss Plaintiff's Title VII claims for discrimination and retaliation against the Individual Defendants where Plaintiff alleges that these Defendants, in their individual capacities, discriminated against her on the basis of her sex and national origin, and retaliated against her for filing an EEOC Charge. The Court **GRANTS** Defendants' Motion to Dismiss with respect to the discrimination and retaliation claims against the Individual

Defendants because Title VII does not recognize individual liability unless the individual is an employer or agent of the employer. Here, the Individual Defendants do not classify as either Plaintiff's employers or agents of her employer, VIU.

The second issue is whether the Court should grant Defendants' Motion to Dismiss Plaintiff's Title VII claims for discrimination and retaliation against Defendant VIU pursuant to Title VII where Plaintiff alleges she was demoted because of her sex and national origin, and retaliated against after she filed an EEOC Charge. The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's discrimination and retaliation claims because she fails to provide sufficient facts to plausibly allege that her demotion was based on her sex or national origin, or that her protected activity led to her demotion.

The third issue is whether the Court should grant Defendants' Motion to Dismiss Plaintiff's whistleblower claim where Plaintiff alleges she witnessed immigration, tax, and accreditation violations, and was demoted shortly thereafter. The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's whistleblower claim because Plaintiff fails to allege conduct or matters that could reasonably lead to a viable False Claims Act (FCA) action as she does not identify any whistleblower cause of action or statute, and does not allege sufficient facts to state a FCA claim.

## I. BACKGROUND

Plaintiff, Loubna Salagh, is a naturalized United States citizen of Arab descent who was hired at Virginia International University (VIU) as an English as a Second Language (ESL) instructor in March 2014. (Doc. 1 at 2.) In March 2015, Plaintiff was hired as the Director of the School of Test Preparation. (*Id.* at 3.) Plaintiff alleged that she witnessed immigration, tax, and accreditation violations during her time at VIU. (*Id.* at 8.)

In Plaintiff's role as Director, she reported to the Executive Vice President of University Affairs, Suleyman Bahceci. (Doc. 1 at 4.) Plaintiff alleged during her time working under the supervision of Bahceci, he "consistently acted in a manner demonstrating disrespect for Arabs" and demonstrated an "intolerance for women over the age of 30 and strong American women in leadership positions." (*Id.* at 5.) In September 2015, Plaintiff accompanied the President of VIU, Isa Sarac, on a trip to London and alleges that she was "treated differently" after observing "unethical and inappropriate behavior between the president and the undergraduate student who he also took with him to London." (*Id.* at 3.) On June 3, 2016, Bahceci completed an appraisal report evaluating Plaintiff's performance in her role and gave her a rating of "developmental" for all questions on the form, indicating that she needs to improve in "several fundamental skills." (Doc. 14-1.) Plaintiff subsequently contacted Rebecca Yu, the Director of Human Resources (HR) at VIU, regarding her dissatisfaction with Bahceci's evaluation, but specifically stated that she did not want HR to take any action. (Doc. 14-1 at 7.)

Plaintiff filed an EEOC Charge on October 3, 2016 alleging discrimination on the basis of national origin and sex, naming VIU as a respondent and listing Sarac as a party in the Particulars section of the Charge. (Doc. 1-1 at 3.) Plaintiff also alleges that she discovered immigration and visa frauds and she has been targeted by Sarac, Bahceci, and HR ever since. (Doc. 1 at 5.) Plaintiff states that on October 6, 2016, she was demoted from her position as Director to a full-time instructor position and was replaced by a white male, Michael Syefert. (*Id.* at 6; Doc 14-2 at 7.) Plaintiff acknowledges that there was no diminution in her salary but her position was changed, and she believes this is a demotion. (Doc. 1-3 at 8.) The EEOC dismissed her Charge and issued a Notice of Right to Sue on October 7, 2016. (Doc. 1-1 at 1.)

Plaintiff filed her suit on October 19, 2016 asserting three claims: (1) discrimination on the basis of sex and national origin in violation of Title VII (Count I); (2) retaliation in violation of Title VII (Count II); and (3) whistleblower protection in violation of an unspecified statute (Count III). (Doc. 1 at 7-8.)

Defendants filed a Motion to Dismiss on December 21, 2016 on the grounds that "(1) Plaintiff's Complaint fails to state any claim against the Defendants upon which relief may be granted; (2) Plaintiff failed to exhaust her administrative remedies with respect to the individual defendants; and (3) individual liability is not recognized under Title VII." (Doc. 6 at 1.) In opposition to Defendants' Motion to Dismiss, Plaintiff argues that she adequately pled all claims. (Doc. 13 at 2.) In further support of her fraud and whistleblower claims, Plaintiff asserts that she informed federal agencies of Defendants' activities (*see* Doc. 14 at 6) by filing a Whistleblower Reprisal Form with the U.S. Department of Education-Office of the Inspector General on November 1, 2016 (Doc. 14-2 at 9), and contacting an individual at Homeland Security Investigations (HSI) on November 22, 2016. (Doc 14-2 at 13-22.) In their Reply, Defendants maintain that Plaintiff's claims fail because this Court lacks subject matter jurisdiction over the claims against the Individual Defendants, and her remaining allegations do not, as a matter of law, establish claims upon which relief can be granted. (Doc. 15 at 1.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion should be granted where the plaintiff has failed to "state a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To survive a Rule

4

12(b)(6) motion, a claim must be facially plausible, meaning the complaint contains sufficient factual allegations, which if taken as true, "raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

The requirement for plausibility does not mandate a showing of probability but merely that there is more than a possibility of the defendant's unlawful acts. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As a result, a complaint must contain more than "naked assertions" and "unadorned conclusory allegations" and requires some "factual enhancement" in order to be sufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). Thus, in reviewing a 12(b)(6) Motion to Dismiss, a court must separate factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). Further, a court may consider the facts alleged on the face of the complaint, "documents incorporated into the complaint by reference," and those matters properly subject to judicial notice. *Clatterbuck*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. ANALYSIS

**A. Title VII Claims Against Individual Defendants**

The Court GRANTS Defendants' Motion to Dismiss with respect to all Individual Defendants, namely Isa Sarac, Suleyman Bahceci, Prashish Shrestha, and Rebecca Yu, because supervisors and other employees cannot be found liable for Title VII violations as they are not "employers" as defined in Title VII.

The Fourth Circuit does not recognize individual liability of supervisors for Title VII violations. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Title VII provides that "[i]t shall be an unlawful employment practice for an employer. . . to discriminate against any individual with respect to his. . . terms, conditions, or privileges of employment, because of such individual's. . . sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Thus, a plaintiff alleging a Title VII violation "must make her claim against her employer and not against the supervisor" as the Fourth Circuit has expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as "employers." *Potter v. SunTrust Bank*, No. 3:14-cv-436, 2014 WL 5410634, at *6 (E.D. Va. Oct. 23, 2014); *Jones v. Tyson Foods, Inc.*, 378 F. Supp. 2d 705, 708 (E.D. Va. 2004) (citing *Lissau*, 159 F.3d at 181). An employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such person." 42 U.S.C. § 2000e(b). In *Lissau*, the plaintiff named her supervisor as a defendant in a Title VII claim, alleging that he engaged in discrimination. 159 F.3d at 179. While "agent" is not defined within the statute, the court in *Lissau* found that supervisors are not liable as employers or agents in their individual capacities for Title VII violations. *Id.* at 181.

The Individual Defendants cannot be held liable for Title VII violations because they do not qualify as agents or employers. Since they cannot be held liable, the Court finds that

6

Plaintiff has failed to state a claim against these Defendants upon which relief may be granted. Therefore, the Court GRANTS Defendants' Motion to Dismiss as to all claims against the Individual Defendants.

**B. Title VII Claims Against Defendant VIU**

1. *Plaintiff Fails to Plausibly Allege Title VII Discrimination Claim Against Defendant VIU*

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim for discrimination against Defendant VIU because Plaintiff has not provided sufficient facts to plausibly allege that the basis for her demotion was national origin and sex discrimination.

Under Title VII, a plaintiff establishes a prima facie case of discrimination by showing that: (1) she is a member of a protected class; (2) adverse employment action; (3) she was performing job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the job remained open or was filled by a similarly qualified applicant outside of the plaintiff's class. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007). However, in order to withstand a 12(b)(6) Motion to Dismiss, a plaintiff does not need to establish a prima facie case of discrimination, but factual allegations in the complaint must be enough to raise the right of relief above the speculative level, and give the respondent fair notice of the basis for the discrimination claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002). For Plaintiff's Complaint to prevail under Title VII, she must plausibly allege sufficient facts to establish that her demotion was based on her sex and national origin. *Id.* While Plaintiff alleges that Defendants demoted her on the basis of her sex and national origin, she does not assert facts to establish the plausibility of her allegations. Plaintiff states in her Complaint that Defendant Bahceci "consistently acted in a manner demonstrating disrespect for Arabs" and

7

demonstrated an "intolerance for women over the age of [thirty] and strong American women in leadership positions." (Doc 1 at 5.) Plaintiff also alleges that that a more junior, less educated individual assumed her position. (Doc 1 at 6.) However, the bare allegation that she was demoted and a white male employee took her place does not plausibly allege national origin or gender discrimination. *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585-86 (4th Cir. 2015), cert. denied, 136 S. Ct. 1162 (2016). Rather, Plaintiff must provide more information about the comparator to state a plausible claim that her alleged demotion was based on her national origin or her gender. *See id.* Absent such support, allegations of discrimination do not rise above the level of speculation. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (holding that a complaint without sufficient factual support for conclusory discrimination allegations failed to state a Title VII discrimination claim).

The Court finds that Plaintiff's claim for discrimination does not rise to the level of facial plausibility because her Complaint does not state sufficient facts to support her allegation that discrimination was the basis for her demotion. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim for discrimination on the basis of sex and national origin (Count I).

2. *Plaintiff Fails to Plausibly Allege Title VII Retaliation Claim Against Defendant VIU*

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim for retaliation against Defendant VIU because Plaintiff has failed to plausibly allege a causal connection between her protected activity and her demotion.

Similar to pleading discrimination claims, a plaintiff is not required to plead facts that constitute a prima facie case for retaliation in order to survive a motion to dismiss. *Ingleson v.*

8

*Burlington Medical Supplies, Inc.*, 141 F. Supp. 3d 579, 583-84 (E.D. Va. 2015). A plaintiff "need only to allege facts sufficient to state a claim entitling her to relief." *Id.* at 584. In order to prevail in a retaliation claim under Title VII at the motion to dismiss stage, a plaintiff is required to plead facts that plausibly show that: (1) she engaged in protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal link between the protected activity and the employment action. *Holland*, 487 F.3d at 218. Absent a causal relation between protected activity and an adverse employment action, a plaintiff cannot establish a claim of retaliation. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 249 (4th Cir. 2000) (holding that a causal connection based on "information and belief" alone is insufficient to support a claim of retaliation).

Plaintiff alleges that VIU retaliated against her for complaining about the alleged discriminatory work environment and filing a Complaint with the EEOC. (Doc. 1 at 23.) Plaintiff generally alleges that after she complained about discrimination, she was demoted and "threatened" by Human Resources that they supported her supervisor's decision to move her to a full-time teaching position. *Id.* Although demotion can constitute an adverse employment action, Plaintiff has not plausibly alleged that, but for her protected activity, she would have retained her position as Director of School of Test Preparation. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2531-33 (2013); *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).

Additionally, Plaintiff's EEOC's Charge, which was signed on October 3, 2016 indicates the 'discrimination took place" on September 28, 2016 and her EEOC Intake Questionnaire dated September 28, 2016 references her alleged demotion. (Doc. 1-1 at 3; 1-2 at 2.) Thus, it appears that Plaintiff was advised of her alleged demotion before she filed her EEOC Charge,

which may foreclose any causal connection between her alleged protected activity and her alleged demotion.

Accordingly, the Court holds that Plaintiff's retaliation claims because Plaintiff fails to plausibly allege that, but for her protected activity, she would have retained her position as Director of School of Test Preparation. Thus, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim for retaliation (Count II).

### C. Whistleblower Protection Claim

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim for whistleblower protection because Plaintiff fails to allege conduct or matters that could reasonably lead to a viable False Claims Act (FCA) action. As a preliminary matter, Plaintiff has not referenced any whistleblower or anti-retaliation statute in her Complaint. Plaintiff has also failed to allege sufficient facts to state a FCA claim.

The FCA discourages fraud against the federal government by imposing liability "on any person who. . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A); *see also Mann v. Heckler & Koch Def., Inc.*, 630 F.3d 338, 345-46 (4th Cir. 2010). The whistleblower provision of the FCA prohibits retaliation "because of lawful acts done. . . in furtherance of an action under this section or other efforts to stop [one] or more violations of [the False Claims Act]." 31 U.S.C. § 3730(h).

In order to survive a motion to dismiss, a plaintiff bringing an anti-retaliation suit under the FCA must plausibly allege: (1) she engaged in "protected activity" by acting in furtherance of a qui tam action or other efforts to stop one or more violations of the FCA; (2) her employer knew of these acts; and (3) her employer took adverse action against her as a result of these acts. *Carlson v. DynCorp Int'l*, 657 F. App'x 168, 171 (4th Cir. 2016); *Zahodnick v. Int'l Bus. Mach.*

*Corp.*, 135 F.3d 911, 914 (4th Cir. 1997); *Young v. CHS Middle East L.L.C.*, No. 1:13-cv-000585-GBL-JFA, 2013 WL 4498680, at *6 (E.D. Va. Aug. 20, 2013).

The Court finds that Plaintiff did not plead sufficient facts to plausibly suggest that she engaged in a "protected activity." First, Plaintiff provides no evidence that she filed a FCA claim. While an employee need not file a qui tam FCA claim to engage in protected activity, Plaintiff fails to allege sufficient facts to plausibly establish that she engaged in any other protected activity. *See Mann*, 630 F.3d at 343.

Protected activity is defined as taking actions that were designed to "stop one or more violations of the FCA." *See Carlson*, 657 F. App'x at 173. In 2010, Congress amended § 3730(h) of the FCA to cover not only employee action in furtherance of a qui tam suit, but also "other efforts to stop one more violations of this subchapter." 31 U.S.C. § 3130(h). Thus, in order for Plaintiff's conduct to constitute protected activity, she must have specifically alleged fraudulent claims for federal funds and not merely address general misconduct. *Young*, 2013 WL 4498680, at *7.

While Plaintiff does make allegations of fraud and refers to this fraud throughout her submitted documents, she fails allege sufficient facts, if taken as true, which would allow the Court to infer that Defendant VIU submitted a false or fraudulent claim to the government. (*See* Docs. 1, 14-2, 14-3.) As the FCA only covers fraudulent claims, without fraud there can be no FCA action. *Mann*, 630 F.3d at 345-46 (stating that if there is no fraud, the conduct falls outside the scope of the FCA). Plaintiff is unable to sufficiently allege that VIU was engaging in fraud, and she is unable to provide sufficient facts to support that she followed the statutory procedure required to bring a FCA claim because she does not plausibly allege that she engaged in protected activity.

Assuming arguendo that Plaintiff's communications with individuals at Homeland Security Investigations did, in fact, constitute a protected activity, Plaintiff would still fail to satisfy the third required element of but-for causation between her demotion and the protected activity. Based on the documents provided by Plaintiff, all of her communications with agencies regarding the fraudulent activity began in November 2016 but her alleged demotion occurred on October 7, 2016. (*See* Docs. 14-1, 14-2.) Since her protected activity occurred *after* her demotion, there is no causal connection between her actions and VIU's actions. Therefore, the Court finds that Plaintiff is not entitled to whistleblower protection under the FCA. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's whistleblower claim.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss for all Title VII claims against the Individual Defendants because they cannot be held liable for Title VII violations as they are not "employers."

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Title VII discrimination and retaliation claims against Defendant VIU because Plaintiff fails to plausibly allege sufficient facts to support her claim that her demotion was on the basis of her sex and national origin, and that but for her protected activity, she would have retained her position as Director of School of Test Preparation.

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's whistleblower claims because Plaintiff fails to allege that she engaged in activity that is defined as "protected" under the False Claims Act. Plaintiff also fails to establish a causal connection between any protected activity and her alleged demotion from her position as Director.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend her Complaint to specifically allege facts relating only to her discrimination and retaliation claims. Plaintiff shall file her Amended Complaint within twenty (20) days of the date of this Order. Defendant VIU shall have fourteen (14) days to file a responsive pleading.

**IT IS SO ORDERED.**

ENTERED this 13th day of March, 2017.

Alexandria, Virginia
3/17/ 2017

/s/
Gerald Bruce Lee
United States District Judge